IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRRALL FARROW CANNON,   No. CIV S-11-0243-CMK-P

    Plaintiff,

  vs.   ORDER

MATTHEW CATE, et al.,

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this apparent civil rights action pursuant to 42 U.S.C. § 1983. While plaintiff's initial pleading is presented on this court's form for civil rights complaints by state prisoners, plaintiff seems to be challenging the duration of his confinement. In particular, for relief plaintiff asks that the court direct either the California Department of Corrections and Rehabilitation or the Board of Parole Hearings to "recall sentence." Given the relief request, it seems that plaintiff may actually be intending to challenge the fact or duration of his confinement, in which case his sole remedy would be a habeas corpus petition. However, plaintiff chose to file this action on a form civil rights complaint. Thus, honoring plaintiff's choice of pleading, the court cannot conclusively say that plaintiff does not in fact intend to pursue some kind of as yet unspecified civil rights claim.

1

In order to allow plaintiff to clarify the nature of the action, the current pleading will be dismissed with leave to amend.[1] Plaintiff is cautioned that failure to file an amended complaint within the time provided in this order may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.[2] See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's initial pleading (Doc. 1) is dismissed without prejudice and with leave to amend;

2. Plaintiff shall file an amended pleading within 30 days of the date of this order;

3. And the Clerk of the Court shall provide plaintiff with this court's form civil rights complaint by a state inmate.

DATED: February 2, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] This clarification is needed not only to determine the nature of the legal claim plaintiff intends to present to the court, but also to determine the appropriate filing fee. Civil rights action are subject to a $350.00 filing fee whereas habeas corpus actions are subject to a filing fee of only $5.00.

[2] If plaintiff intends to pursue a habeas challenge to the fact or duration of his confinement (i.e., a challenge to his sentence) seeking earlier release, he may wish to simply allow this action to be dismissed and file a separate habeas action in the appropriate court. If plaintiff intends to pursue a civil rights action relating to the conditions of his confinement, he should file an amended complaint on the form provided in which he sets forth how the actions of named individual defendants caused or contributed to a violation of his constitutional rights.